**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER BLOOM, *et al.*, | |
| *Plaintiffs,* | |
| v. | Case No. 2:26-cv-1232-JDW |
| CITY OF PHILADELPHIA, *et al.*, | **JURY DEMANDED** |
| *Defendants.* | |

**[PROPOSED] ANSWER AND AFFIRMATIVE DEFENSES OF INTERVENOR-DEFENDANT THE GUARDIAN CIVIC LEAGUE**

Intervenor-Defendant the Guardian Civic League respectfully submits this Answer and Affirmative Defenses in response to Plaintiffs' Complaint (Dkt. No. 1) and states as follows:

**AS TO THE INTRODUCTION**

Admitted in part and denied in part. It is admitted that Plaintiffs are five police officers in the Philadelphia Police Department who were not promoted in November 2025. The remaining allegations are denied.

**AS TO THE PARTIES, JURISDICTION, AND VENUE**

1.      Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

2.      Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

3.      Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

4.      Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

5.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

6.     Admitted in part and denied in part. It is admitted that the City of Philadelphia is a municipal corporation duly organized and operating under the rules and regulations set forth by the Commonwealth of Pennsylvania, and that it is headquartered at City Hall. It is further admitted that the City of Philadelphia employs the Plaintiffs. The remaining allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

7.     Admitted in part and denied in part. It is admitted only that the Philadelphia Police Department is an operating department of the City of Philadelphia. The remaining allegations are denied. By way of further response, the Philadelphia Police Department was dismissed without prejudice on April 27, 2026 upon stipulation by the parties. (Dkt. No. 16).

8.     Admitted in part and denied in part. It is admitted only that Defendant Police Commissioner Kevin J. Bethel is currently the Commissioner of the Philadelphia Police. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averment that Defendant Kevin J. Bethel has final authority over promotional decisions and therefore that allegation is denied. All remaining allegations are denied.

9.     Admitted in part and denied in part. It is admitted only that Defendant Police Deputy Commissioner Krista Dahl-Campbell is the Deputy Commissioner of Organizational Services for the Philadelphia Police Department. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments in this paragraph and they are therefore denied.

10. Admitted in part and denied in part. It is admitted only that Defendant Director of Human Resources Candi Jones is the Director of Human Resources for the City of Philadelphia. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments in this paragraph and they are therefore denied.

11. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

12. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

13. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

14. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

15. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

## AS TO THE STATEMENT OF FACTS

16. Admitted in part and denied in part. Admitted that the City of Philadelphia began using a new promotional policy in 2021 and that it had been using a "Rule of Two" for decades before that. The remaining allegations are denied.

17. Admitted in part and denied in part. Admitted that then-Councilmember Cherelle L. Parker ("Parker") introduced a resolution on May 27, 2021. The complete text of the resolution stands for itself and the Plaintiffs' characterization of the resolution is denied. The remaining allegations are denied.

18. Admitted in part and denied in part. Admitted that then-Councilmember Parker is quoted in the document attached to the Complaint as Exhibit 6. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

19. Admitted in part and denied in part. Admitted that then-Councilmember Parker is quoted in the document attached to the Complaint as Exhibit 6. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

20. Admitted in part and denied in part. Admitted only that on June 17, 2021, the Philadelphia City Council passed a bill "Providing for the submission to the qualified electors of the City of Philadelphia of an amendment to The Philadelphia Home Rule Charter to revise provisions related to the manner of selection from eligible lists for vacancies and promotions in the civil service system, as approved by Resolution of the City Council; fixing the date of a special election for such purpose; prescribing the form of ballot question to be voted on; and, authorizing the appropriate officers to publish notice and to make arrangements for the special election." The remaining allegations are denied. The complete text of the bill stands for itself and Plaintiffs' characterization of the bill is denied.

21. Admitted in part and denied in part. Admitted that a ballot question appeared in the November 2021 election. The remaining allegations are denied.

22. Admitted in part and denied in part. Admitted that the electors approved the ballot question to amend the Philadelphia Home Rule Charter. The complete text of the ballot question and amendment stand for themselves and Plaintiffs' characterization of the ballot question and amendment is denied. The remaining allegations are denied.

23. Admitted in part and denied in part. Admitted that the Philadelphia City Council adopted the resolution attached to the Complaint as Exhibit 7. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

24. Admitted in part and denied in part. Admitted that the Philadelphia City Council adopted the resolution attached to the Complaint as Exhibit 7. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

25. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

26. Admitted in part and denied in part. Admitted that then-Mayor James F. Kenney issued Mayoral Executive Order No. 1-16, which is attached to the Complaint as Exhibit 8. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

27. Admitted in part and denied in part. Admitted that then-Mayor James F. Kenney issued Mayoral Executive Order No. 1-16, which is attached to the Complaint as Exhibit 8. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

28. Admitted in part and denied in part. Admitted that then-Mayor James F. Kenney issued Mayoral Executive Order No. 1-16, which is attached to the Complaint as Exhibit 8. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

29.     Admitted in part and denied in part. Admitted that then-Mayor James F. Kenney issued Mayoral Executive Order No. 1-20, which is attached to the Complaint as Exhibit 9. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

30.     Admitted in part and denied in part. Admitted that then-Mayor James F. Kenney issued Mayoral Executive Order No. 1-20, which is attached to the Complaint as Exhibit 9. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

31.     Admitted in part and denied in part. Admitted that then-Mayor James F. Kenney issued Mayoral Executive Order No. 1-20, which is attached to the Complaint as Exhibit 9. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

32.     Admitted in part and denied in part. Admitted that the Mayor's Office of Diversity, Equity, & Inclusion issued the report that is attached to the Complaint as Exhibit 10. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

33.     Admitted in part and denied in part. Admitted that the Mayor's Office of Diversity, Equity, & Inclusion issued the report that is attached to the Complaint as Exhibit 10. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

34.     Admitted in part and denied in part. Admitted that then-Mayor James F. Kenney issued Mayoral Executive Order No. 6-23, which is attached to the Complaint as Exhibit 11. The

complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

35.    Admitted in part and denied in part. Admitted that then-Mayor James F. Kenney issued Mayoral Executive Order No. 6-23, which is attached to the Complaint as Exhibit 11. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

36.    Admitted in part and denied in part. Admitted that the Office of Diversity, Equity, & Inclusion issued the document that is attached to the Complaint as Exhibit 12. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

37.    Admitted in part and denied in part. Admitted that the Office of Diversity, Equity, & Inclusion issued the document that is attached to the Complaint as Exhibit 12. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

38.    Admitted in part and denied in part. Admitted that the Philadelphia Police Department issued the document that is attached to the Complaint as Exhibit 13. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

39.    Admitted in part and denied in part. Admitted that the Philadelphia Police Department issued the document that is attached to the Complaint as Exhibit 13. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

40.    Admitted in part and denied in part. Admitted that the Philadelphia Police Department has a website. The text of the website stands for itself and Plaintiffs' characterization of the website is denied. The remaining allegations are denied.

41.    Admitted in part and denied in part. Admitted that the Philadelphia Police Department issued a draft Five-Year Strategic Plan that is attached to the Complaint as Exhibit 15. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

42.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

<strong>AS TO THE NOVEMBER 2025 PROMOTIONS</strong>

43.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

**I.    As to the Promotions From Lieutenant to Captain**

44.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

45.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

46.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

47.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

48.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

8

49.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

50.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

51.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

52.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

53.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

54.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

55.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

56.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

**II.     As to the Promotions From Sergeant to Lieutenant**

57.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

58.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

59.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

60.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

### III.     As to the Response of the Fraternal Order of Police

61.     Admitted in part and denied in part. It is admitted that the FOP issued the statement in the document that is attached to the Complaint as Exhibit 16. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

62.     Admitted in part and denied in part. It is admitted that the FOP issued the letter in the document that is attached to the Complaint as Exhibit 17. The complete text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

### IV.     As to the Candidates who were Bypassed for Promotion to Captain

#### A.     As to Plaintiff Christopher Bloom

63.     Admitted in part and denied in part. Admitted that Plaintiff Christopher Bloom served a lieutenant in the Philadelphia Police Department. Denied that any illegal discrimination occurred. All remaining allegations are denied.

64.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

65.     Admitted

66.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

67.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

68.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

69.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

70.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

71.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

72.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

73.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

74.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

75.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

76.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

**B.      As to Plaintiff Kollin Berg**

77.     Admitted.

78.     Admitted.

79.     Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

80. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

81. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

82. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

83. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

84. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

85. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

86. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

87. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

88. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

89. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

90. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

91.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

92.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

93.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

94.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

95.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

96.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

97.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

98.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

99.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

100.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

**C.    As to Plaintiff Joseph Musumeci**

101.    Admitted.

102.    Admitted.

103.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

104.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

105.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

106.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

107.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

108.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

109.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

110.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

111.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

112.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

**V.    As to the Candidates who were Bypassed for Promotion to Lieutenant**

113.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

114. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

## A. As to Plaintiff Marc Monachello

115. Admitted.

116. Admitted.

117. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

118. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

119. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

120. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

121. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

122. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

123. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

124. Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

## B. As to Plaintiff LeRoy Ziegler Jr.

125. Admitted.

126. Admitted.

127.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

128.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

129.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

130.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

131.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

132.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

133.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

134.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

VI.    **As to EEOC and Related Administrative Filings**

135.    Admitted.

136.    Admitted.

137.    Admitted.

138.    Admitted.

139.    Admitted.

140.    Admitted.

141.    Admitted.

142.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

143.    Admitted in part and denied in part. It is admitted that the right-to-sue letters issued by the Department of Justice to Plaintiffs are attached to the Complaint as Exhibits 1-5. The texts of the documents stand for themselves. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and the remaining averments are therefore denied.

144.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

145.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

146.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

## AS TO CLASS ACTION ALLEGATIONS

147.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

148.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

149.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

150.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

a. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

b. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

c. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

d. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

151. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

152. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

153. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

154. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

155. Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

156.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

## AS TO CAUSES OF ACTION

### AS TO CLAIM 1: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e *et seq.* (RACE AND SEX DOSCRIMINATION)

157.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

158.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

159.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

160.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

161.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

162.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

163.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

164.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

165.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

166.   Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and it is therefore denied.

167.   Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

168.   Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

169.   Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

170.   Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

171.   Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

172.   Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

173.   Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

**AS TO CLAIM 2: VIOLATION OF 42 U.S.C. § 1981 (RACE DISCRIMINATION IN CONTRACTING)**

174.   Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

175.   Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

176.   Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

177.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

178.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

179.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

180.    Denied. Intervenor-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that Defendant Kevin J. Bethel has final authority over promotional decisions, and it is therefore denied. The remaining allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

181.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

182.    Admitted in part and denied in part. Admitted that Director of Human Resources Jones, as Director of Human Resources, administered the civil-service examination process and created the eligible employee list. The remaining allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

183.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

184.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

185.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

## AS TO CLAIM 3: PENNSYLVANIA HUMAN RELATIONS ACT, 43 PA. CONS. STAT. § 955(a) (RACE AND SEX DISCRIMINATION)

186.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

187.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

188.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

189.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

190.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

191.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

192.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

193.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

## AS TO CLAIM 4: VIOLATION OF PA. CONST. ARTICLE I, §§ 26, 28, 29 (RACE AND SEX DISCRIMINATION)

194.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

195.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

196.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

197.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

### AS TO CLAIM 5: EQUAL-PROTECTION CLAUSE (RACE AND SEX DISCRIMINATION)

198.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

199.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

200.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

201.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

202.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

203.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

204.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

205.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

206.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

### AS TO CLAIM 6: CLASSWIDE DECLARATORY AND INJUNCTIVE RELIEF

207.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

208.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

209.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

### AS TO CLAIM 7: CLASSWIDE DAMAGES

210.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

211.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

212.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, the allegations are denied.

### AS TO DEMAND FOR RELIEF

213.    Intervenor-Defendant denies that Defendants are liable for the causes of action declared herein, and demands judgment against Plaintiffs plus interest and costs.

a.    Denied that Plaintiffs are entitled to requested relief.

b.    Denied that Plaintiffs are entitled to requested relief.

c.    Denied that Plaintiffs are entitled to requested relief.

d.    Denied that Plaintiffs are entitled to requested relief.

e.   Denied that Plaintiffs are entitled to requested relief.

f.   Denied that Plaintiffs are entitled to requested relief.

g.   Denied that Plaintiffs are entitled to requested relief.

h.   Denied that Plaintiffs are entitled to requested relief.

i.   Denied that Plaintiffs are entitled to requested relief.

j.   Denied that Plaintiffs are entitled to requested relief.

k.   Denied that Plaintiffs are entitled to requested relief.

l.   Denied that Plaintiffs are entitled to requested relief.

m.   Denied that Plaintiffs are entitled to requested relief.

## AFFIRMATIVE DEFENSES

In addition to the factual and legal denials stated above, Intervenor-Defendant sets forth the following Affirmative Defenses to the allegations contained in the Complaint. Intervenor-Defendant reserves the right to amend this Answer with additional defenses as further information is obtained. Plaintiffs' claims are barred, in whole or part, by the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, in whole or part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to exhaust the applicable administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs received promotions and/or other positive employment actions by the same actors and under the same policies complained of in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are untimely and barred the applicable statute of limitations.

**JURY DEMAND**

Intervenor-Defendant demands a trial by jury on all issues.

\* \* \*

WHEREFORE, Intervenor-Defendant denies that Defendants are liable for the causes of action declared herein and demands judgment against Plaintiffs plus interests and costs.

Dated: May 20, 2026

Respectfully submitted,

*/s/ Benjamin D. Geffen*
Brent W. Landau (PA No. 202189)
Benjamin Geffen (PA No. 310134)
Olivia Mania (PA No. 336161)
PUBLIC INTEREST LAW CENTER
1617 John F. Kennedy Blvd., Suite 1650
Philadelphia, PA 19103
267-546-1308
blandau@pubintlaw.org
bgeffen@pubintlaw.org
omania@pubintlaw.org

*Counsel for Intervenor-Defendant*

26