**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER BLOOM, et al.** | CIVIL ACTION |
| **Plaintiffs,** | No. 2:26-cv-1232 |
| **v.** | |
| **CITY OF PHILADELPHIA, et al.** | |
| **Defendants.** | |

**DEFENDANTS CITY OF PHILADELPHIA, KEVIN J. BETHEL, KRISTA DAHL-
CAMPBELL, AND CANDI JONES' BRIEF IN OPPOSITION TO THE
MOTION TO INTERVENE AS DEFENDANT BY GUARDIAN CIVIC LEAGUE**

Defendants City of Philadelphia, Kevin J. Bethel, in his official capacity as Police

Commissioner, Krista Dahl-Campbell, in her official capacity as Police Deputy Commissioner,

and Candi Jones, in her official capacity as Chief Human Resources Officer (jointly, "City

Defendants"), by and through undersigned counsel, hereby file this Brief in Opposition to the

Motion to Intervene as Defendant (the "Motion") (ECF No. 19) by Guardian Civic League

("GCL").

I.    **INTRODUCTION**

GCL is an organization with over 1,100 active members of current and former law

enforcement officers. The Motion asserts that a majority of GCL's members are Black and some

of the members are from law enforcement agencies other than the Philadelphia Police

Department ("PPD"). GCL seeks to intervene in this action as a defendant on two grounds; as of

right and permissively. Though GCL contends that it has a substantial and sufficient interest in

this litigation, its interests are general in character. Further, its described impact of an adverse

ruling is speculative, and the City Defendants can and will adequately represent GCL's interests

because GCL's interests align with those of the City. Permitting GCL to intervene in this litigation raises the possibility of slowing the case with significant additional discovery and confusing the jury with issues outside of the scope of the Complaint. Accordingly, the City Defendants respectfully submit that the Motion should be denied.

## II.    BACKGROUND

Plaintiffs are five white male police officers. The Complaint (ECF No. 1) generally alleges that the City discriminated against the Plaintiffs by failing to promote them and points to the City's variable rule as the reason for the discrimination.

The Complaint also includes class action allegations and asserts claims for classwide declaratory and injunctive release and class damages. Plaintiffs describe the "damages class" as "all white male employees of the [PPD] who, since November 2021 (when the "Rule of Two" was eliminated), were eligible for promotion under civil-service rules, ranked in a position from which they would have been promoted under the former "Rule of Two," but were bypassed for promotion under the "Rule of Five" in favor of a candidate with lower scores on the civil service examination." (ECF No. 1, ¶147). The "injunctive-relief class" allegedly includes "all white male employees of the [PPD] who are currently seeking promotion or will seek promotion in the future."  (Id.)

GCL seeks to intervene in this litigation to protect its "interest in fair, nondiscriminatory promotional policies and practices within the PPD." (ECF No. 19, p. 1, ¶3). GCL asserts that the PPD's current promotional policies "have modernized …to align with those long used in peer cities, and the current policies and practices better ensure that promotional decisions are based on applicants' overall merit instead of mere test scores." (Id. at ¶4). GCL also asserts that it has a right to intervene because, should the Plaintiffs or the putative class prevail, the relief granted

might include a declaration invalidating the variable rule. (ECF No. 19-1, p. 8). This impacts GCL because it "would likely lead the PPD to revert its hiring practices in ways that would unfairly disadvantage Black applicants, including many members of the [GCL], by deprioritizing measures of merit apart from raw test scores." (Id.).

III.    **LEGAL STANDARD**

Intervention is governed by Federal Rule of Civil Procedure 24. The Rule affords two routes: "intervention of right" under Rule 24(a) or "permissive intervention" under Rule 24(b). For intervention as of right under Rule 24(a)(2), the Court must permit intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Court may permit intervention where the intervenor, "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  GCL's Motion does not meet either of these standards.

IV.    **ARGUMENT**

**A. GCL Does Not Have a Right to Intervene.**

GCL's Motion does not meet the substantive[1] requirements for intervention as of right under Fed. R. Civ. P. 24(a)(2) because the City Defendants share GCL's stated interest in preserving the variable rule enacted by Philadelphia voters in the City's Home Rule Charter and the City Defendants will adequately protect that interest.

To intervene as of right a litigant must establish "(1) a timely application for leave to intervene, (2) a sufficient interest in the underlying litigation, (3) a threat that the interest will be

---

[1] The City Defendants agree that the Motion is timely.

impaired or affected by the disposition of the underlying action, and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests." Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3rd Cir. 2005); United States v. Terr. of V.I., 748 F.3d 514, 519 (3rd Cir. 2014). Each requirement "must be met to intervene as of right." Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3rd Cir. 1995) (citation omitted).

### 1. Sufficient Interest

GCL does not have a "significantly protectable" interest in the underlying litigation to satisfy the "sufficient interest" inquiry. Donaldson v. U.S., 400 U.S. 517, 531 (1971) (superseded by statute on other grounds). "To establish a sufficient interest for intervention, …[the Intervenor]… must demonstrate 'an interest relating to the property or transaction which is the subject of the action.'" Liberty Mut. Ins. Co., 419 F.3d at 220 (quoting Mountain Top Condo. Ass'n, 72 F.3d at 366. "[This means that] the interest must be a legal interest as distinguished from interests of a general and indefinite character. The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." Id. An applicant must therefore demonstrate that its interest is "specific to [it], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." Pennsylvania v. President, 888 F.3d 52, 58 (3rd Cir. 2018).

GCL cites to Pennsylvania to support its argument that GCL has a significantly protectable interest in this case. But the intervening party in Pennsylvania had substantial, concrete interests and concerns because of its long-running interest as a party in the litigation at issue in that case. In Pennsylvania, the Little Sisters of the Poor Saints Peter and Paul Home ("Little Sisters") sought to intervene in a case where Pennsylvania challenged regulations issued

4

by the federal government under the Affordable Care Act. Id. at 54. The Third Circuit found that the Little Sisters should be permitted to intervene in the case because it had a concrete interest in preserving protection granted to it under a prior U.S. Supreme Court case, Zubik v. Burwell, 578 U.S. 403 (2016). Zubik left open important questions about the application of the ACA to the Little Sisters, which litigated Zubik for five years, and other religious entities. If the Pennsylvania matter reached that question, then the Little Sisters' interests would be substantially implicated. Moreover, the Little Sisters participation in the Zubik litigation established its protected interest in the issues. In other words, the Little Sisters' unique and special interest in the outcome of Pennsylvania made their interest "significantly protectable" and "sufficient" for purposes of intervention.

In contrast, GCL argues that it has a "particularized interest in ensuring fair, nondiscriminatory promotional policies and practices exist within the [PPD]" and "the continuation and improvement of these hiring policies and practices." Unlike the Little Sisters, GCL's interest is not concrete or significantly protectable. GCL's Motion does not point to any specific outcome that would substantially impact their interests in a particular way or explain why GCL's interest is "particularlized" rather than a general interest in "fair" promotional practices. GCL also does not have a "legally cognizable interest" in improvements in the City's promotional policies. The threat of a potential ruling in favor of the Plaintiffs also does not directly or specifically impact GCL. Such a ruling would impact all employees equally, unlike in Pennsylvania where an adverse ruling would have directly and substantially impacted the Little Sisters' legal interest in preserving a religious exemption.

### 2. Impaired Interest

GCL's Motion does not demonstrate "a threat that the interest will be impaired or affected by the disposition of the underlying action" because GCL will not be "practically disadvantaged by the disposition of the action." Pennsylvania, 888 F.3d at 60 (internal citations omitted). An intervening party "must demonstrate that [its] legal interests may be affected or impaired[ ] as a practical matter by the disposition of the action." … However, "[i]t is not sufficient that the claim be incidentally affected; rather, there must be a tangible threat to the applicant's legal interest." Id. at 59 (internal citations omitted).

Far from being concrete or tangible, GCL's interest in this case is speculative at best, and it presumes discriminatory conduct without any evidence. GCL presumes that if the Plaintiffs prevail the City's resulting hiring practices will revert to past practices that were allegedly discriminatory against Black applicants. To support such a presumption the Court would have to look back at past hiring and promotional policies and statistics to determine if, in fact, those policies did "disadvantage Black applicants." (ECF No. 19-1, p. 8).

### 3. Adequately Represent Interests

GCL's Motion also does not demonstrate "that the existing parties to the action do not adequately represent the prospective intervenor's interests." "Adequacy of interest alone … is not enough to grant intervention. Because Rule 24(a) envisions a separate inquiry into whether the government or other existing parties will adequately advocate the applicant's interest, courts must be careful not to blur the interest and representation factors together." Kleissler v. U.S. Forest Serv., 157 F.3d 964, 972 (3rd Cir. 1998).

> The burden of establishing inadequacy of representation by existing parties varies with each case. A government entity charged by law with representing a national policy is presumed adequate for the task, … particularly when the concerns of the proposed intervenor, e.g., a "public interest" group, closely parallel those of the

public agency. In that circumstance, the "would-be intervenor [must make] a strong showing of inadequate representation."

Id. (internal citations omitted).

GCL and the City Defendants both seek to defend the varying rule, albeit with potentially different legal strategies or arguments. GCL and the City Defendants also seek the same outcome, illustrated by the fact that GCL's proposed answer does not include any new affirmative defenses. (Compare City Defendants Answer, ECF No. 15, p. 27-28 with Proposed GCL Answer, ECF No. 19-2, p. 25-26). As recognized by Kleissler, the City Defendants are a government and should be presumed to adequately represent the interests of all employees, including Black employees that may or may not be represented by GCL. Moreover, the City Defendants are incentivized and fully capable of protecting the interests of all its employees from discrimination. The City's Law Department is also required by law to "act as attorney and counsel for the city, for all branches of the city government, and for all departments and officers of the city." 53 P.S. §12463(a); see also, Phila. Home Rule Charter §4-400(b).

GCL's concern about settlement strategy is speculative. GCL cites one unpublished case from the U.S. District Court for the Northern District of Illinois to support its argument that GCL and the City Defendants interests *might* diverge at some point in the future due to settlement negotiations. Judicial Watch, Inc. v. Illinois State Bd. of Elections, No. 24-C-1867, 2024 WL 3454706 (N.D. Ill. July 18, 2024). In Judicial Watch, the plaintiffs sued the Illinois State Board of Elections because the Board failed to comply with laws governing the voter rolls. Id. The proposed intervenor, a union, asserted in its petition and motion to intervene that it expended financial resources each election to encourage its members to vote. In finding that the State Board of Elections might not protect the union's interests, the court noted: "[m]ore to the point, Proposed Intervenors assert an interest in preserving *their* resources and protecting the voting

rights of *their* members: the State Board has no obligation to protect these specific resources or voting interests." Id. at *4 (emphasis in original).

This matter is distinguishable from Judicial Watch because GCL has not offered any specific interest that the City Defendants would not protect. The City Defendants have a substantial interest in defending the Home Rule Charter change enacted by the voters and it is speculative to assume that the City would give up that defense to settle financial claims.

**B. The Motion Does Not Support Permissive Intervention.**

GCL's Motion also seeks permissive intervention. That request should be denied as well. Permissive intervention under Rule 24(b) is discretionary: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising that discretion, courts "consider various factors, including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already represented in the litigation." Hoots v. Pennsylvania, 672 F.2d 1133, 1136 (3d Cir. 1982); see also Aetna Inc. v. Insys Therapeutics, Inc., 330 F.R.D. 427, 434 (E.D. Pa. 2019) ("[p]ermissive intervention that adds little value to the proceedings and only serves to cause undue delay to original parties is considered to be unwarranted"); 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1913 (3d ed. 2017) ("the court . . . may deny intervention if the complicating effect of the additional issues outweighs any advantage of a single disposition of the common issue.").

Here, GCL has not asserted any novel affirmative defenses or identified any evidence not already available to the City Defendants. The Motion states only that GCL "will be able to present unique evidence and legal arguments showing that the adoption and implementation of

the Varying Rule does not constitute illegal intentional discrimination." (ECF No. 19-1, p. 10.) Yet neither the Motion nor GCL's proposed answer explains what, if anything, GCL will substantively add to this litigation.

Additionally, the additional evidence and arguments GCL claims it would offer risks unnecessarily complicating the case. At its core, this matter concerns five white male Plaintiffs who allege that the City Defendants discriminated against them and that the City's varying rule violates the U.S. Constitution and the Pennsylvania Constitution. Allowing GCL to intervene would introduce delay, expanded discovery, and new collateral issues. For example, the Motion suggests that the potential damage GCL might suffer if Plaintiffs prevail could become an issue—an addition that would only further complicate the litigation.

The City Defendants recognize that the subject matter of this case involves matters of public significance. Nevertheless, as explained *supra*, GCL's interests are already represented in the litigation. Hoots, 672 F.2d at 1136. Given these circumstances, permissive intervention under Rule 24(b) is unwarranted. The Motion should therefore be denied.

## V.    CONCLUSION

For all of the reasons set forth herein, the City respectfully submits that the Court should deny the Motion to Intervene as a Defendant filed by Guardian Civic League.

Respectfully submitted,
CITY OF PHILADELPHIA
LAW DEPARTMENT
/s Christopher D'Amore

Date: June 3, 2026

Christopher D'Amore
Senior Attorney
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-0062
Christopher.damore@phila.gov
*Attorneys for Plaintiff the City of Philadelphia*

9