**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER BLOOM, *et al.*, | |
| *Plaintiffs,* | |
| v. | Case No. 2:26-cv-1232-JDW |
| CITY OF PHILADELPHIA, *et al.*, | |
| *Defendants.* | |

**GUARDIAN CIVIC LEAGUE'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO INTERVENE AS DEFENDANT**

The City opposes intervention on the grounds that it adequately represents its employees' interests, and that the Guardian Civic League has not provided enough factual and legal support for its Motion. The City is wrong on both counts, and the Motion to Intervene should be granted.[1]

**I.     The City Does Not Adequately Represent the Interests of the Guardian Civic League**

Courts regularly allow defendant-side intervention in cases challenging the legality of a governmental policy or practice, when the government is tasked with representing stakeholders and constituents whose interests plainly diverge. For example, in *Benjamin ex rel. Yock v. Department of Public Welfare*, 701 F.3d 938 (3d Cir. 2012), plaintiffs, who were adults with developmental disabilities, alleged that state defendants had illegally denied them integrated community services. Another group of adults with developmental disabilities, who preferred their existing institutional settings, sought to intervene to preserve the status quo. *Id.* at 941. Reversing the District Court's denial of their motion to intervene, the Third Circuit observed that "[a]lthough DPW may . . . be charged by law with representing the interests of all persons under its care . . . ,

---

[1] The City's other arguments against intervention are addressed in the Guardian Civic League's opening brief, Dkt. No. 19-1.

these persons now include both Plaintiffs and [proposed intervenors]—two groups with quite divergent desires and interests." *Id.* at 958. Analogously here, Plaintiffs and most Guardian Civic League members are City employees, but the former group wants to alter the status quo policies and the latter group seeks to preserve them. The City contends that as "a government[, it] should be presumed to adequately represent the interest of all employees," City's Brief at 7; but as in *Benjamin*, the interests of the Plaintiff employees and the Guardian Civic League's employee members starkly clash. Because the City must represent "numerous complex and conflicting interests," the "interests asserted by intervenors here may become lost in the thicket of sometimes inconsistent governmental policies." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 973-74 (3d Cir. 1998). The Guardian Civic League thus has a right to represent its own unique interests.

Defendant-side intervention is particularly appropriate when the governmental defendant may face pressure to settle financial claims at the expense of the policy issues of topmost interest to the proposed intervenors. *See, e.g.*, *Benjamin*, 701 F.3d at 958 (noting a shift in the governmental defendants' interest "from generally maintaining and defending the status quo to reaching a cost-effective settlement responsive to the successful . . . discrimination theory of liability advanced by Plaintiffs"). Courts routinely allow intervention in such cases, recognizing that "although the [municipality] has an interest in defending the ordinances, it also presumably has another interest: protecting the fisc." *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula*, 41 F.4th 767, 774 (6th Cir. 2022); *see also id.* at 776 ("[W]hen the specter of monetary damages looms large, even stout resistance might wither over time.").

This is all the more true when, as here, the governmental defendant is sued in its capacity as an employer, and the plaintiffs and the proposed intervenors represent contrasting groups of employees. *See, e.g.*, *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 133 (2d Cir. 2001) ("[A]n

2

employer may have an interest in defending its hiring and other practices . . . . However, it may have an equally strong or stronger interest in bringing such litigation to an end by settlements involving the displacement of employees who are not parties to the action. The employer may, in short, behave like a stakeholder rather than an advocate.").

## II.  The Motion to Intervene Provides Ample Factual and Legal Support

Throughout its brief, the City faults the Guardian Civic League for not providing more evidence and legal argument to support its Motion. These arguments flow from an exaggerated notion of what Rule 24 requires, and they cannot carry the day.

First, the City claims that "GCL's Motion does not point to any specific outcome that would substantially impact their interests in a particular way or explain why GCL's interest is 'particularlized' rather than a general interest in 'fair' promotional practices." Dkt. No. 21-1 at 5. To the contrary, the Guardian Civic League's brief states that the system Plaintiffs seek to end "has resulted in less severely disproportionate representation of Black officers in the upper ranks of the Philadelphia Police Department." Dkt. No. 19-1 at 7. This interest is particularized to a civil-rights group like the Guardian Civic League. Under Rule 24, courts "reject the idea that because two parties may have the same goal, their interests are also identical." *Associated Builders & Contractors of W. Pa. v. Cnty. of Westmoreland*, No. 2:19-CV-1213, 2020 WL 571691, at *5 (W.D. Pa. Jan. 21, 2020), *report and recommendation adopted*, 2020 WL 571031 (W.D. Pa. Feb. 5, 2020). Here, even though the City and the Guardian Civic League share the goal of a judgment against Plaintiffs, the City's interest is general while the Guardian Civic League's interest is particularized.

This distinction is further supported by the Declaration of the President of the Guardian Civic League, which makes clear that the organization has a unique interest in the promotional policies of the Philadelphia Police Department both because of the organization's mission of

3

reducing racial disparities in promotions and because of its work to prepare its members for promotion. *See* Dkt. No. 19 at 5-6, ¶¶ 7-8. Furthermore, "courts have granted intervention as of right to public interest groups in actions challenging the legality of a measure . . . where the outcome of the litigation might affect the group's members' enjoyment of the resource." *Am. Farm Bureau Fed'n v. U.S. E.P.A.*, 278 F.R.D. 98, 109 (M.D. Pa. 2011). This case jeopardizes the Guardian Civic League's members' access to the City's current approach to promotions.

Second, the City argues that the Guardian Civic League "presumes discriminatory conduct without evidence" and has failed to provide the Court with "past hiring and promotional policies and statistics." Dkt. No. 21-1 at 6. But under Rule 24, "[t]he court is to accept the movant's motions and pleadings as true to the extent they are non-conclusory and well-pleaded." *Olympic Sports Data Servs., Ltd. v. Maselli*, No. 07-CV-117, 2008 WL 5377626, at *2 (E.D. Pa. Dec. 22, 2008). In other words, the Court should evaluate the Motion's factual allegations as it would evaluate a plaintiff's claims upon a motion to dismiss, and it should not require a proposed intervenor to come forward at the very beginning of a case with "past hiring and promotional policies" (unavailable without discovery) and "statistics" (which might require an expert witness). The Motion sails over this bar. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819-20 (9th Cir. 2001) ("This rule requiring acceptance of the proposed intervenor's well-pleaded allegations makes particular sense where, as in this case, the propriety of intervention must be determined before discovery.").

Third, the City faults the Guardian Civic League's Rule 24(c) Proposed Answer for not "includ[ing] any new affirmative defenses." Dkt. No. 21-1 at 7. But the affirmative defenses in the Proposed Answer are, quite properly, written at a high level of generality. *E.g.*, Dkt. No. 19-2 at 25 ("Plaintiffs' Complaint, in whole or part, fails to state a claim upon which relief can be granted."). The City is in no position to argue otherwise, in light of the affirmative defenses in its

4

own Answer. Dkt. No. 15 at 27-28. It is axiomatic that an affirmative defense need not go into the same level of specificity as a motion to dismiss or motion for summary judgment.

Finally, the City protests that "neither the Motion nor GCL's proposed answer explains what, if anything, GCL will substantively add to this litigation." Dkt. No. 21-1 at 9. But as the Motion makes clear, the Guardian Civic League will show, among other things, how the Varying Rule has made promotional practices more merit-based, and how this has led to less underrepresentation of African-American officers in the upper ranks. *See Am. Farm Bureau Fed'n*, 278 F.R.D. at 111 (intervenors add to the litigation where "the presence of the intervenors may serve to clarify issues and, perhaps, contribute to resolution of [the] matter.").

## CONCLUSION

The City must carefully protect its purse in defending this case. The Guardian Civic League is, by contrast, laser-focused on defending a merit-based approach to promotions. The Motion to Intervene and accompanying documents supply all that Rule 24 requires and much more. The Motion should be granted, and Philadelphia's stalwart sentinel of the interests of African-American police officers should have a role in this litigation.

Date: June 10, 2026

Respectfully submitted,

*/s/ Benjamin D. Geffen*
Brent W. Landau (PA No. 202189)
Benjamin Geffen (PA No. 310134)
Olivia Mania (PA No. 336161)
PUBLIC INTEREST LAW CENTER
1617 John F. Kennedy Blvd., Suite 1650
Philadelphia, PA 19103
267-546-1308
blandau@pubintlaw.org
bgeffen@pubintlaw.org
omania@pubintlaw.org

*Counsel for Proposed Intervenor-Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the Guardian Civic League's Reply Brief in Support of its Motion to Intervene as Defendant was served on counsel of record for all parties via the Court's electronic filing system.

Dated: June 10, 2026

*/s/ Benjamin D. Geffen*
Benjamin D. Geffen