**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER BLOOM,** ***et al.*****,**<br>*Plaintiffs*,<br>v.<br>**CITY OF PHILADELPHIA,** ***et al.*****,**<br>*Defendants.* | **Case No. 2:26-cv-01232-JDW** |

**MEMORANDUM**

A shared goal does not mean identical interests. The City of Philadelphia and the Guardian Civic League ("GCL") both seek to defend Philadelphia's police promotion policies. The City must reconcile competing obligations to its employees and the public; GCL only wants to protect its members' promotion opportunities. Because this lawsuit threatens those opportunities and the City might not adequately represent GCL's interests, GCL is entitled to intervene as of right.

## I. BACKGROUND

### A. The Underlying Litigation

Plaintiffs, five White male police officers, allege that the City denied them promotions within the Philadelphia Police Department because of their race and sex. Their challenge centers on the City's "Varying Rule," also known as the "Rule of Five." The City used to use the "Rule of Two," which directed hiring managers to choose between only

the two top-scoring candidates for a civil-service vacancy. In November 2021, following a successful ballot initiative, the City replaced that rule with the Varying Rule, which gives hiring managers discretion to expand the number of eligible candidates for a vacancy. Plaintiffs allege that the City applied the Varying Rule and other diversity, equity, and inclusion policies to promote lower-scoring Black and/or female candidates because of race and sex. Plaintiffs argue that the City's conduct violates Title VII, 42 U.S.C. § 1981, the Pennsylvania Human Relations Act, the Pennsylvania Constitution, and the Equal Protection Clause. They seek declaratory and injunctive relief, including barring the City from applying the Varying Rule and other DEI policies, as well as class-wide damages.

**B. GCL**

GCL is a non-profit organization composed of over 1,100 "active or retired law enforcement officers from the Philadelphia Police Department and other local law enforcement agencies," the majority of whom are Black. (ECF No. 19-1 at 4.) GCL works to reduce racial disparities in police promotions, including by helping officers prepare for promotion exams and offering mentorship and networking opportunities. It seeks to defend the Varying Rule from Plaintiffs' challenge through intervention as of right or, alternatively, permissive intervention. While Plaintiffs take no position on the Motion To Intervene, the City opposes.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24 governs intervention by nonparties, both as a matter of right and by a court's permission. To intervene as of right under Rule 24(a)(2), an applicant must file a timely motion and show three other elements: "(1) a sufficient interest in the litigation; (2) a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and (3) that its interest is not adequately represented by the existing parties to the litigation." *Commonwealth of Pennsylvania v. President*, 888 F.3d 52, 57 (3d Cir. 2018) (internal quotations omitted). The moving party bears the burden of establishing the right to intervene, and failure to satisfy any of the factors justifies denial of the request. *Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc.* 72 F.3d 361, 365-66 (3d Cir. 1995).

## III. DISCUSSION

The City agrees that GCL's Motion is timely. I therefore address only the remaining intervention elements.

### A. Sufficient Interest In The Litigation

To warrant intervention as of right, an applicant must show that it has an interest "relating to the property or transaction which is the subject of the action" that is "significantly protectable." *Donaldson v. United States*, 400 U.S. 517, 531 (1971). The Third Circuit has interpreted this element to mean that an applicant must assert "a cognizable legal interest, and not simply an interest of a general and indefinite character."

*Pennsylvania*, 888 F.3d at 58 (internal citation omitted). The asserted interest must be specific to the proposed intervenor, capable of definition, and direct. *Id.* at 57-58.

The subject of this action is the City's hiring and promotion policy for the Department. GCL has an interest in that policy not merely because of its organizational mission and activities, but because its members have a direct stake in promotion opportunities. Thus, GCL asserts more than a general ideological interest in the City's promotion policies. Its members who currently serve in the Department have a direct stake in the rules governing their opportunities for advancement. GCL's submissions are therefore best understood as asserting an interest in preserving those opportunities under the City's current promotion framework. (*See* ECF No. 23 at 4.)

The City notes that GCL's interest differs from the nonprofit intervenor's interest in *Pennsylvania v. President*, which rested in part on its participation in related litigation, making it "unique compared to other religious objectors." 888 F.3d. at 58. But GCL need not have the same interest to have a protectable one. Its stake is concrete and therefore unique compared to other civil-rights organizations because the challenged policies affect, and govern promotion opportunities for, its members who work for the Department. *See Am. Farm Bureau Fed. v. U.S. EPA*, 278 F.R.D. 98, 104-07 (collecting cases). Indeed, other courts have agreed that an interest in promotion opportunities can justify intervention. For example, in *Cotter v. Massachusetts Association of Minority Law Enforcement Officer*s, White officers challenged Boston's race-conscious police

promotion policy, and the First Circuit permitted an association of minority law enforcement officers to intervene as of right. *Cotter v. Mass. Ass'n of Minority L. Enf't Officers*, 219 F.3d 31, 37 (1st Cir. 2000). The Court reasoned in its interest analysis that "[a]ssuredly, a number of MAMLEO's current officers are going to seek promotion," and the outcome of the case would determine how the Boston Police Department would make those promotion decisions. *Id.* at 37. The same reasoning applies here. *See also Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 19 F.3d 992, 994 (5th Cir. 1994) (citing to Second Circuit and Eleventh Circuit case law).

**B. Impairment Of Interest**

GCL must next show that "disposing of the action may as a practical matter impair or impede [its] ability to protect [its] interest." Fed. R. Civ. P. 24(a)(2). There must be a "tangible threat to the applicant's legal interest," not merely incidental impact. *Pennsylvania*, 888 F.3d 52 at 59. But an "application to intervene cannot be resolved by reference to the ultimate merits of the arguments which the intervenor wishes to assert following intervention." *U.S. Equal Emp. Opportunity Comm'n v. Trs. of Univ. of Pennsylvania*, No. CV 25-6502, 2026 WL 281132, at *2 (E.D. Pa. Feb. 3, 2026) (citing *Oneida Indian Nation of Wis. v. New York,* 732 F.2d 261, 265 (2d Cir. 1984); 6 James Wm. Moore, Moore's Federal Practice § 24.03[1][a] (2026)).

GCL must only identify a practical threat to promotion opportunities, and it has done so. If Plaintiffs prevail and bar the City from using the Varying Rule and other

challenged policies, that relief could change the framework governing future promotions and diminish opportunities available to GCL members. *See Cotter*, 219 F.3d at 37. The asserted impairment is not certain, but it does not need to be. GCL predicts that invalidating the Varying Rule would cause the City to "revert its hiring practices in ways that would unfairly disadvantage Black applicants." (ECF No. 19-1 at 8.) In the City's view, this presumption calls for statistical proof that past hiring and promotional practices in fact disadvantaged Black applicants. (*See* ECF No. 21-1 at 6.) But that demand would draw me into a merits dispute at the intervention stage. *See Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 474 (2d Cir. 2010). Whether the challenged policies unlawfully discriminate, or instead address disparities associated with earlier practices, is a question of fact upon which GCL should be allowed to take discovery and present evidence. *See id.* at 474.

**C. Inadequacy Of Representation**

The Third Circuit has held that an applicant's interests are not adequately represented if they diverge sufficiently from the interests of the existing party, such that "the existing party cannot devote proper attention to the applicant's interests." *United States v. Territory of the Virgin Islands*, 748 F.3d 514, 520 (3d Cir. 2014). The burden of showing inadequacy heightens when there is a government party. A rebuttable presumption of adequacy applies "if one party is a government entity charged by law with representing the interests of the applicant for intervention." *Id.* (citation omitted). The

presumption is particularly strong when the governmental and private interests "closely parallel" one another or are "nearly identical." *Id.* at 525. In such cases, a proposed intervenor must make a "compelling showing" of inadequate representation of interest. *Id.* at 520. However, the Third Circuit has distinguished that the burden is "comparatively light" when "an agency's views are necessarily colored by its view of the public welfare rather than the more parochial views of a proposed intervenor whose interest is personal to it," *Kleissler v. U.S. Forest Serv.*, 157 F.3d 967, 972 (3d Cir. 1998), or when the government is charged with representing "two distinct interests, which are related, but not identical." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 527, 538 (1972).

The City is a government entity charged with representing the interests of its employees, including GCL members; therefore, the presumption of adequate representation applies. However, GCL's burden is "comparatively light," and it has met it. True, as the City emphasizes, it and GCL seek the same result in this litigation: a judgment upholding the validity of the Varying Rule. But as in *Pennsylvania* and *Kleissler*, the City here has "numerous and conflicting interests." *Pennsylvania*, 888 F.3d at 60 (quoting *Kleissler*, 157 F.3d at 973-74). In *Kleissler*, the Court recognized the tension between the intervenors' direct financial interest in the challenged logging activities and the Forest Service's need to balance the economic gain from timber harvesting and its broad public policy goal of conservation. 157 F.3d at 974. In *Pennsylvania*, the tension similarly lay between the intervening nonprofit's focused interest in preserving a religious exemption

to a statutory contraceptive mandate and the government's need to balance "accommodating the free exercise rights of religious objectors while protecting the broader public interest in access to contraceptive methods and services." 888 F.3d at 61.

In this case, the City argues it is "incentivized and fully capable of protecting the interests of all its employees from discrimination." (ECF No. 21-1 at 7.) But this steadfast tone does not erase the competing interests the City must balance: representing two groups of employees whose interests conflict, while also maintaining labor peace and ensuring an effective police department that protects public safety. Without intervention, GCL's "straightforward," singular interest in preserving its members' promotion opportunities and thereby reducing racial disparities in promotions (*see* ECF No. 23 at 4) "may become lost in [the] thicket." *Kleissler*, 157 F.3d at 973-74. The question is not whether the City will defend the challenged policies, but whether its broader and competing responsibilities might prevent it from adequately representing GCL's particular interest. Under the comparatively light burden applicable here, GCL has shown that risk.

## IV. CONCLUSION

GCL has a protectable interest in its members' promotion opportunities. The relief Plaintiffs seek may impair that interest, and the City's competing obligations may prevent it from adequately representing GCL. I will therefore grant GCL's motion to intervene as of right. An appropriate Order follows.

**BY THE COURT**:

*/s/ Joshua D. Wolson*

JOSHUA D. WOLSON, J.

November 18, 2026