**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER BLOOM, ANDREW FURTAK, KOLLIN BERG, JOSEPH MUSUMECI, MATTHEW STANKIEWICZ, MARC MONACHELLO, LEROY ZIEGLER JR., AND ROBERT RITCHIE,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CITY OF PHILADELPHIA, KEVIN J. BETHEL, in his official capacity as Police Commissioner, KRISTA DAHL-CAMPBELL, in her official capacity as Police Deputy Commissioner, AND CANDI JONES, in her official capacity as Chief Human Resources Officer,**<br><br>**Defendants.** | CIVIL ACTION<br><br>No. 2:26-cv-1232<br><br>**JURY DEMANDED** |

**DEFENDANTS CITY OF PHILADELPHIA, KEVIN J. BETHEL, KRISTA DAHL-CAMPBELL, AND CANDI JONES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendants the City of Philadelphia, Kevin J. Bethel, in his official capacity as Police Commissioner, Krista Dahl-Campbell, in her official capacity as Police Deputy Commissioner, and Candi Jones, in her official capacity as Chief Human Resources Officer (jointly, "Defendants") respectfully submit this Answer and Affirmative Defenses in response to Plaintiffs' Third Amended Complaint (ECF No. 33) and state as follows:

## AS TO THE INTRODUCTION

Admitted in part, denied in part. Admitted that Plaintiffs serve as police officers in the Philadelphia Police Department and that Plaintiffs were not promoted. The remaining allegations are denied.

## AS TO THE PARTIES, JURISDICTION, AND VENUE

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted in part, denied in part. It is admitted only that the Philadelphia Police Department is an operating department of the City of Philadelphia. The remaining allegations are denied. By way of further response, the Philadelphia Police Department has no separate corporate existence and all suits must be brought directly against Defendant City of Philadelphia. See Regalbuto v. City of Philadelphia, 937 F.Supp. 374 (E.D. Pa. 1995), aff'd, 91 F.3d 125 (3d Cir. 1996); 53 P.S. Sec. 16257. By way of further response, the Philadelphia Police Department was dismissed without prejudice by way of stipulation filed on April 27, 2026. (ECF No. 13).

10. Admitted in part and denied in part. It is admitted only that Defendant Kevin J. Bethel is currently the Commissioner of the Philadelphia Police. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averment that Defendant Kevin J. Bethel has final authority over promotional decisions and therefore that allegation is denied. All remaining allegations are denied.

11. Admitted in part and denied in part. It is admitted that Defendant Police Deputy Commissioner Krista Dahl-Campbell is the Deputy Commissioner of Organizational Services for the Philadelphia Police Department. The remaining allegations are denied.

12. Admitted in part and denied in part. It is admitted only that Defendant Director of Human Resources Candi Jones was appointed as the Director of Human Resources for the City of Philadelphia on November 25, 2024. The remaining allegations are denied.

13. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

14. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

15. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

16. Admitted in part and denied in part. It is admitted only that the U.S. Department of Justice, Civil Rights Division issued right to sue letters to the Plaintiffs. The remaining allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

17. Admitted in part and denied in part. It is admitted only that the U.S. Department of Justice, Civil Rights Division issued right to sue letters to the Plaintiffs. The remaining allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

18. Admitted.

19. Admitted.

20. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

21. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

22. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

23. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

24. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

25. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

**AS TO STATEMENT OF FACTS**

26. The allegations contained in this paragraph are argumentative, and, therefore, require no response. To the extent a response is required, denied.

27. Admitted in part and denied in part. Admitted that then-Councilmember Cherelle L. Parker ("Parker") introduced a bill on May 27, 2021. The text of the bill stands for itself and the Plaintiffs' characterization of the bill is denied. The remaining allegations are denied.

28. Admitted in part and denied in part. Admitted that then-Councilmember Parker is quoted in the document attached to the Complaint as Exhibit 9. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

29. Admitted in part and denied in part. Admitted that then-Councilmember Parker is quoted in the document attached to the Complaint as Exhibit 9. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

30. Admitted in part and denied in part. Admitted only that on June 17, 2021, the Philadelphia City Council passed a bill "Providing for the submission to the qualified electors of the City of Philadelphia of an amendment to The Philadelphia Home Rule Charter to revise provisions related to the manner of selection from eligible lists for vacancies and promotions in the civil service system, as approved by Resolution of the City Council; fixing the date of a special election for such purpose; prescribing the form of ballot question to be voted on; and, authorizing the appropriate officers to publish notice and to make arrangements for the special election." The remaining allegations are denied.

31. Admitted in part and denied in part. Admitted that a ballot question appeared in the November 2021 election. The remaining allegations are denied.

32. Admitted in part and denied in part. Admitted that the electors approved the ballot question to amend the City of Philadelphia Home Rule Charter. The Plaintiff's characterization of the amendment to the Home Rule Charter is denied. The remaining allegations are denied.

33. Admitted in part and denied in part. Admitted that the Philadelphia City Council adopted the resolution attached to the Complaint as Exhibit 10. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

34. Admitted in part and denied in part. Admitted that the Philadelphia City Council adopted the resolution attached to the Complaint as Exhibit 10. The text of the document stands

for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

35. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

36. Admitted in part and denied in part. Admitted that former Mayor James F. Kenney issued Mayoral Executive Order No. 1-16 which is attached to the Complaint as Exhibit 11. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

37. Admitted in part and denied in part. Admitted that former Mayor James F. Kenney issued Mayoral Executive Order No. 1-16 which is attached to the Complaint as Exhibit 11. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

38. Admitted in part and denied in part. Admitted that former Mayor James F. Kenney issued Mayoral Executive Order No. 1-16 which is attached to the Complaint as Exhibit 11. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

39. Admitted in part and denied in part. Admitted that former Mayor James F. Kenney issued Mayoral Executive Order No. 1-20 which is attached to the Complaint as Exhibit 12. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

40. Admitted in part and denied in part. Admitted that former Mayor James F. Kenney issued Mayoral Executive Order No. 1-20 which is attached to the Complaint as Exhibit

12. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

41. Admitted in part and denied in part. Admitted that former Mayor James F. Kenney issued Mayoral Executive Order No. 1-20 which is attached to the Complaint as Exhibit 12. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

42. Admitted in part and denied in part. Admitted that the Mayor's Office of Diversity, Equity, & Inclusion issued the report attached as Exhibit 13 to the Complaint. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

43. Admitted in part and denied in part. Admitted that the Mayor's Office of Diversity, Equity, & Inclusion issued the report attached as Exhibit 13 to the Complaint. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

44. Admitted in part and denied in part. Admitted that former Mayor James F. Kenney issued Mayoral Executive Order No. 6-23 which is attached to the Complaint as Exhibit 14. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

45. Admitted in part and denied in part. Admitted that former Mayor James F. Kenney issued Mayoral Executive Order No. 6-23 which is attached to the Complaint as Exhibit 14. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

46. Admitted in part and denied in part. Admitted that the Office of Diversity, Equity, & Inclusion issued the document which is attached to the Complaint as Exhibit 15. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

47. Admitted in part and denied in part. Admitted that the Office of Diversity, Equity, & Inclusion issued the document which is attached to the Complaint as Exhibit 15. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

48. Admitted in part and denied in part. Admitted that the Philadelphia Police Department issued the document which is attached to the Complaint as Exhibit 16. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

49. Admitted in part and denied in part. Admitted that the Philadelphia Police Department issued the document which is attached to the Complaint as Exhibit 16. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

50. Admitted in part and denied in part. Admitted that the Philadelphia Police Department has a website. It is specifically denied that Philadelphia Police Department, *Becoming an Officer: Diversity & Inclusion* is attached as Exhibit 17 to the First Amended Complaint. The remaining allegations are denied.

51. Admitted in part and denied in part. Admitted that the Philadelphia Police Department issued a draft Five-Year Strategic Plan which is attached to the Complaint as Exhibit

18. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

52. Admitted in part and denied in part. To the extent that the allegations are quoting specific documents, it is admitted only that those documents may contain those words. The text of all documents quoted, cited, or referenced stands for itself and Plaintiffs' characterization of those documents is denied. The remaining allegations are denied.

**AS TO THE PROMOTIONS**

53. Admitted in part and denied in part. It is admitted only that in November 2025, 10 individuals were promoted to captain and 14 individuals were promoted to lieutenant. The remaining allegations are denied.

54. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

**I. AS TO THE PROMOTIONS FROM LIEUTENANT TO CAPTAIN**

55. Defendants are without sufficient information upon which to form a response and therefore the allegations are denied.

56. Denied.

57. Admitted in part and denied in part. It is admitted that the Philadelphia Police Department conducted interviews. The remaining allegations are denied.

58. Denied.

59. Denied.

60. Admitted that Police Deputy Commissioner Krista Dahl-Campbell sent an email to candidates advising they were not selected for promotion. The text of the email stands for

itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

61. Admitted that Police Deputy Commissioner Krista Dahl-Campbell sent an email to candidates advising they were not selected for promotion. The text of the email stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

62. Denied.

63. Denied.

64. Admitted.

65. Denied.

66. Admitted in part and denied in part. It is admitted that the candidates were ranked on the eligibility list. The allegations contained in this paragraph are also argumentative, and, therefore, require no response. To the extent a response is required, denied.

67. Denied.

## II. AS TO THE PROMOTIONS FROM SERGEANT TO LIEUTENANT

68. Admitted in part and denied in part. It is admitted that Plaintiffs Monachello and Ziegler were each seeking a promotion from sergeant to lieutenant. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments contained in this paragraph. Therefore, the allegations are denied.

69. Admitted in part and denied in part. It is admitted that Plaintiff Marc Monachello was ranked 27th on the City of Philadelphia Eligible List for Police Lieutenant, dated 8/2/2024, which listed his final score as 85.9574. It is admitted that Plaintiff LeRoy Ziegler Jr. was ranked 28th on the City of Philadelphia Eligible List for Police Lieutenant, dated 8/2/2024, which listed

his final score as with a test score of 85.8926. It is denied that the Police Department produces a "lieutenant eligibility list," which ranks candidates for promotion based on their civil-service examination scores. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments contained in this paragraph. Therefore, the allegations are denied.

70. Admitted in part and denied in part. It is admitted that Tamika Reid is Black and female, ranked 30th on the City of Philadelphia Eligible List for Police Lieutenant, dated 8/2/2024, which listed her final score as 85.8404. It is admitted that Kathleen Momme is White and female, ranked 34th on the City of Philadelphia Eligible List for Police Lieutenant, dated 8/2/2024, which listed her final score as 85.3750. It is admitted that Antonio Bennett is Black and male, ranked 35th on the City of Philadelphia Eligible List for Police Lieutenant, dated 8/2/2024, which listed his final score as 85.0888. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments pertaining to Plaintiff Stankiewicz contained in this paragraph. Therefore, the allegations are denied. The remaining allegations contained in this paragraph are also argumentative, and, therefore, require no response. To the extent a response is required, denied.

71. Denied.

## III. AS TO THE PROMOTION FROM INSPECTOR TO CHIEF INSPECTOR

72. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

73. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

74. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

75. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

76. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

77. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

78. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

79. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

80. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

81. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

82. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

83. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

84. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

85. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

86. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

## IV. AS TO RESPONSE OF THE FRATERNAL ORDER OF POLICE

87. Admitted in part and denied in part. It is admitted that the FOP issued the statement in the document attached to the Complaint as Exhibit 19. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

88. Admitted in part and denied in part. It is admitted that the FOP issued the letter in the document attached to the Complaint as Exhibit 20. The text of the document stands for itself and Plaintiffs' characterization of the document is denied. The remaining allegations are denied.

## V. AS TO THE CANDIDATES WHO WERE BYPASSED FOR PROMOTION TO CAPTAIN

### AS TO PLAINTIFF CHRISTOPHER BLOOM

89. Admitted in part and denied in part. Admitted that Plaintiff Christopher Bloom is a lieutenant in the Philadelphia Police Department. Denied that any discrimination occurred. All remaining allegations are denied.

90. Admitted.

91. Admitted.

92. Denied.

93. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

94. Denied.

95. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

96. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

97. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

98. Admitted.

99. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

100. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

101. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

102. Admitted in part and denied in part. Admitted that Plaintiff Christopher Bloom received performance evaluations. The allegations contained in this paragraph are also argumentative, and, therefore, require no response. To the extent a response is required, denied.

**AS TO PLAINTIFF ANDREW FURTAK**

103. Admitted.

104. Admitted.

105. Denied.

106. Admitted.

107. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

108. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

109. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

110. Denied.

**AS TO PLAINTIFF KOLLIN BERG**

111. Admitted.

112. Admitted.

113. Denied.

114. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

115. Admitted in part and denied in part. Admitted that Plaintiff Kollin Berg received performance evaluations. The allegations contained in this paragraph are also argumentative, and, therefore, require no response. To the extent a response is required, denied.

116. Admitted.

117. Admitted.

118. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

119. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

120. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

121. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

122. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

123. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

124. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

125. Admitted.

126. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

127. Admitted in part and denied in part. Admitted that Plaintiff Kollin Berg was promoted to sergeant and assigned to the 19th Police District. The remaining allegations are denied.

128. Admitted in part and denied in part. Admitted that Plaintiff Kollin Berg was assigned to the Police Radio Unit. The remaining allegations are denied.

129. Admitted in part and denied in part. Admitted that Plaintiff Kollin Berg was assigned to the Police Headquarters Security Unit. The remaining allegations are denied.

130. Admitted in part and denied in part. Admitted that Plaintiff Kollin Berg was promoted to the rank of Police Lieutenant in 2023 and assigned to the Police Radio Unit. The remaining allegations are denied.

131. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

132. Admitted in part and denied in part. Admitted that Plaintiff Kollin Berg is currently assigned to the Police Radio Unit as the Administrative Lieutenant and in his role he serves as project manager for a possible new unit for the Philadelphia Police Department. It is also admitted that Defendant Deputy Police Commissioner Krista Dahl-Campbell issued correspondence to Plaintiff Kollin Berg. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Deputy Commissioner Dahl-Campbell selected Plaintiff Kollin Berg for his position and therefore the allegation is denied. All other allegations are denied.

133. Admitted in part and denied in part. Admitted that Plaintiff Kollin Berg holds an Associate's degree from the Community College of Philadelphia. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. All remaining allegations are therefore denied.

134. Admitted in part and denied in part. Admitted that Plaintiff Kollin Berg completed the Northwestern University School of Police Staff and Command program in June 2025. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph. All remaining allegations are therefore denied.

**AS TO PLAINTIFF JOSEPH MUSUMECI**

135. Admitted.

136. Admitted.

137. Denied.

138. Admitted.

139. Admitted.

140. Admitted.

141. Denied.

142. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

143. Admitted.

144. Admitted in part and denied in part. Admitted that Plaintiff Kollin Berg received performance evaluations. The allegations contained in this paragraph are also argumentative, and, therefore, require no response. To the extent a response is required, denied.

145. Denied.

146. Admitted in part and denied in part. It is admitted that the candidates were ranked on the eligibility list. The allegations contained in this paragraph are also argumentative, and, therefore, require no response. To the extent a response is required, denied.

## VI. AS TO THE CANDIDATES WHO WERE BYPASSED FOR PROMOTION TO LIEUTENANT

147. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

148. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

## AS TO PLAINTIFF MATTHEW STANKIEWICZ

149. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

150. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

151. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

152. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

153. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

154. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

155. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

156. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

157. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

158. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

159. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

**AS TO PLAINTIFF MARC MONACHELLO**

160. Admitted.

161. Admitted.

162. Admitted in part and denied in part. It is admitted that Plaintiff Marc Monachello was ranked 27th on the City of Philadelphia Eligible List for Police Lieutenant, dated 8/2/2024, which listed his final score as 85.9574. The remaining allegations are denied.

163. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

164. Admitted.

165. Admitted.

166. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

167. Admitted in part and denied in part. Admitted that Plaintiff Monachello received performance evaluations. The allegations contained in this paragraph are also argumentative, and, therefore, require no response. To the extent a response is required, denied.

168. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

169. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

**AS TO PLAINTIFF LEROY ZIEGLER JR.**

170. Admitted.

171. Admitted.

172. Admitted in part denied in part. It is admitted that Plaintiff LeRoy Ziegler Jr. was ranked 28th on the City of Philadelphia Eligible List for Police Lieutenant, dated 8/2/2024, which listed his final score as with a test score of 85.8926. The remaining allegations are denied.

173. Denied.

174. Denied as stated. By way of further explanation, it is admitted that Sgt. Ziegler was hired with the Philadelphia Police Department on March 24, 2008.

175. Admitted in part and denied in part. Admitted that Plaintiff Ziegler received performance evaluations. The allegations contained in this paragraph are also argumentative, and, therefore, require no response. To the extent a response is required, denied.

176. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

177. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

178. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

179. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

## VII. AS TO THE CANDIDATE BYPASSED FOR PROMOTION TO CHIEF INSPECTOR

### AS TO INSPECTOR ROBERT RITCHIE

180. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

181. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

182. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

183. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

184. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

185. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

186. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

187. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

188. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

189. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

190. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

191. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

192. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

193. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

194. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

195. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

196. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

197. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

198. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

199. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

## VIII. AS TO RETALIATION AGAINST PLAINTIFF LEROY ZIEGLER JR.

200. Admitted in part and denied in part. It is admitted only that Plaintiff LeRoy Ziegler Jr. is a named plaintiff in this lawsuit. The Complaint at ECF 1 stands for itself and, therefore, the remaining allegations are denied.

201. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

202. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

203. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

204. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

205. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

206. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

207. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

208. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

209. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

210. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. Therefore, the allegations are denied.

211. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**IX. AS TO EEOC AND RELATED ADMINISTRATIVE FILINGS**

212. Admitted.

213. Admitted.

214. Admitted.

215. Admitted.

216. Admitted.

217. Admitted in part and denied in part. It is denied that the charge filed by Marc Monachello alleges discrimination occurring between the dates of October 30, 1983 and November 28, 2025. The remaining allegations are admitted.

218. Admitted.

219. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

220. Admitted.

221. Admitted.

222. Admitted.

223. Admitted in part, denied in part. It is admitted that Plaintiffs Bloom, Berg, Musumeci, Monachello, and Ziegler's right-to-sue letters are dated 1/22/26. It is admitted that the right-to-sue letters issued by the Department of Justice to Plaintiffs Bloom, Berg, Musumeci,

Monachello, and Ziegler are attached to the Complaint as Exhibits 1-5. The text of the documents stands for itself. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments contained in this paragraph. Therefore, the remaining averments are denied.

224. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

225. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments contained in this paragraph. Therefore, the remaining averments are denied.

226. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

227. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

228. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

229. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

230. Upon information and belief, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied.

231. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Additionally, Defendants responses regarding Plaintiff Robert Ritchie are subject to a pending motion to dismiss and are, therefore, denied. All other allegations are denied.

232. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

233. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. All allegations are therefore denied.

234. The allegations in this paragraph constitute conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

235. The allegations in this paragraph constitute conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

## AS TO CLASS-ACTION ALLEGATIONS

236. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

237. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

238. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

239. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

a. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

b. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

c. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

d. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

240. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

241. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

242. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

243. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

244. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

245. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

**AS TO CAUSES OF ACTION**
**AS TO CLAIM 1 – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e et seq. (RACE AND SEX DISCRIMINATION)**

246. The allegations in this paragraph constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, denied.

247. The allegations in this paragraph constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, denied.

248. The allegations in this paragraph constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, denied.

249. The allegations in this paragraph constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, denied.

250. The allegations in this paragraph constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, denied.

251. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

252. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

253. Admitted in part and denied in part. Admitted that Plaintiffs applied for promotions. The remaining allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

254. Denied.

255. Denied.

256. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

257. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

258. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

259. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

260. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

261. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

262. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

**AS TO CLAIM 2: VIOLATION OF 42 U.S.C. §1981**
**(RACE DISCRIMINATION IN CONTRACTING)**

263. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

264. The allegations in this paragraph constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, denied.

265. The allegations in this paragraph constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, denied.

266. The allegations in this paragraph constitute conclusions of law as to which no responsive pleading is required. To the extent a response is required, denied.

267. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

268. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

269. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averment that Defendant Kevin J. Bethel has final authority over promotional decisions and therefore that allegation is denied. The remaining allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

270. Denied.

271. Admitted in part and denied in part. Admitted that Director of Human Resources Jones, as Director of Human Resources, administered the civil-service examination process and created the eligible employee list. The remaining allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

272. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

273. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

274. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

**AS TO CLAIM 3: PENNSYLVANIA HUMAN RELATIONS ACT, 43 PA. CONS. STAT. §955(a)(RACE AND SEX DISCRIMINATION)**

275. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

276. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

277. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

278. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

279. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

280. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

281. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

282. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

**AS TO CLAIM 4: VIOLATION OF PA. CONST. ARTICLE I, §§ 26, 28, 29 (RACE AND SEX DISCRIMINATION)**

283. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

284. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

285. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

286. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

AS **TO CLAIM 5: EQUAL-PROTECTION CLAUSE (RACE AND SEX DISCRIMINATION)**

287. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

288. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

289. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

290. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

291. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

292. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

293. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

294. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

295. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

## AS TO CLAIM 6: CLASSWIDE DECLARATORY AND INJUNCTIVE RELIEF

296. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

297. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

298. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

**AS TO CLAIM 7: CLASSWIDE DAMAGES**

299. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

300. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

301. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

**AS TO CLAIM 8: RETALIATION (PLAINTIFF ZIEGLER ONLY)**

302. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

303. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

304. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

**AS TO DEMAND FOR RELIEF**

305. Defendants deny that Defendants are liable on the causes of action declared herein, and demand judgment in favor of Defendants plus interest and costs.

A. Denied that Plaintiff is entitled to the requested relief.

B. Denied that Plaintiff is entitled to the requested relief.

C. Denied that Plaintiff is entitled to the requested relief.

D. Denied that Plaintiff is entitled to the requested relief.

E. Denied that Plaintiff is entitled to the requested relief.

F. Denied that Plaintiff is entitled to the requested relief.

G. Denied that Plaintiff is entitled to the requested relief.

H. Denied that Plaintiff is entitled to the requested relief.

I. Denied that Plaintiff is entitled to the requested relief.

J. Denied that Plaintiff is entitled to the requested relief.

K. Denied that Plaintiff is entitled to the requested relief.

L. Denied that Plaintiff is entitled to the requested relief.

M. Denied that Plaintiff is entitled to the requested relief.

N. Denied that Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

In addition to the factual and legal denials stated above, Defendants set forth the following Affirmative Defenses to the allegations contained in the Complaint. Defendants reserves the right to amend this Answer with additional defenses as further information is obtained. Plaintiff's claims are barred, in whole or in part, by the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred because Plaintiff failed to exhaust the applicable administrative remedies.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to punitive damages against the Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs received promotions and/or other positive employment actions by the same actors and under the same policies complained of in the Amended Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs’ claims are untimely and barred the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants' practices, policies and procedures in this matter are job-related and consistent with its business necessity.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants would have taken the same action(s) regardless of Plaintiffs’ purportedly protective activity or status.

**JURY DEMAND**

Defendants demand a trial by jury on all issues.

**WHEREFORE,** Defendants deny that they are liable on the cause of actions declared herein, and demand judgment in their favor plus interest and costs.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: November 25, 2026 BY: /s Christopher D'Amore

Christopher D'Amore
Senior Attorney
Pa. Attorney ID No. 306699
City of Philadelphia Law Dept.
1515 Arch Street, 14th Fl.
Philadelphia, PA 19102
(215) 683-0062
Christopher.damore@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER BLOOM, ANDREW FURTAK, KOLLIN BERG, JOSEPH MUSUMECI, MATTHEW STANKIEWICZ, MARC MONACHELLO, LEROY ZIEGLER JR., AND ROBERT RITCHIE,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CITY OF PHILADELPHIA, KEVIN J. BETHEL, in his official capacity as Police Commissioner, KRISTA DAHL-CAMPBELL, in her official capacity as Police Deputy Commissioner, AND CANDI JONES, in her official capacity as Chief Human Resources Officer,**<br><br>**Defendants.** | CIVIL ACTION<br><br>No. 2:26-cv-1232 |

**CERTIFICATE OF SERVICE**

I, Christopher D'Amore, hereby certify that on this date I caused the foregoing **Defendants City of Philadelphia, Kevin J. Bethel, Krista Dahl-Campbell, and Candi Jones' Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint** to be filed electronically, where it is available for viewing and downloading.

Date: November 25, 2026

BY: /s/ Christopher D'Amore
Christopher D'Amore
Senior Attorney